UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDON COBB
LACIE COBB

    Plaintiff(s)

v.

Case No. 3:16-cv-329-J-25MCR

DCN HOLDINGS, INC.
d/b/a ACCOUNTS RECEIVABLE
and
TINSELTOWN ANIMAL
HOSPITAL, LLC
    Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

BRANDON COBB and LACIE COBB (the "Cobbs" or "Plaintiffs") sue DCN HOLDINGS, INC. d/b/a ACCOUNTS RECEIVABLE ("DCN") and TINSELTOWN ANIMAL HOSPITAL, LLC ("TINSELTOWN") (collectively "Defendants"), and state:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiffs, individual consumers, against Defendant DCN for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a-1692g (hereinafter referred to as the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227(a)-227(h) (hereinafter referred to as the "TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter referred to as "FCCPA") and against Defendant TINSELTOWN for its violations of the FCCPA.

### II. PARTIES

2. Plaintiffs are natural persons residing in Jacksonville, FL. At all times material,

1

Plaintiffs resided in Duval County, Florida. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

3. DCN is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Its principal place of business is located at 5517 Hansel Avenue, Orlando, FL 32809. DCN's principal business is the collection of third party debts.

4. DCN is registered with the Florida Office of Financial Regulation as a consumer collection agency.

5. TINSELTOWN is a Florida limited liability company with its principal place of business located at 4372 Southside Blvd., Unit 308, Jacksonville, FL 32216.

### III. JURISDICTION AND VENUE

6. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. §227(b)(3) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violations by Defendants took place in Jacksonville, Duval County, FL.

### IV. FACTUAL ALLEGATIONS

7. On September 30, 2015 (the "Petition Date"), Plaintiffs filed a petition for relief under Title 11 Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case No. 3:15-bk-4343-PMG (the "Bankruptcy Case"). A copy of the redacted § 341 Notice is attached as Exhibit 1.

8. Plaintiffs filed their Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, (i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting them in collection efforts; (ii) from the Bankruptcy Court an

2

order of discharge pursuant to 11 U.S.C. § 727; and (iii) a financial "fresh start".

9. As required by the Bankruptcy Code, Plaintiffs filed their schedules, lists, and statements in their Bankruptcy Case. On December 11, 2015, Debtors filed an Amended Schedule F, which included among the unsecured creditors "Tinseltown Animal Hospital, 4372 Southside Blvd., Ste 308, Jacksonville, FL 32216" with an unknown balance. A copy of the relevant page from Plaintiffs' Schedule F is attached as Exhibit 2.

10. On or about December 11, 2015, the TINSELTOWN received written notice of the Bankruptcy Case, Plaintiffs' Amended Schedule F, and a copy of the Section 341 Notice.

11. TINSELTOWN continued to contact Plaintiffs telephonically after receiving written notice of the bankruptcy filing.

12. In addition to the written notice provided to TINSELTOWN, Plaintiffs also informed TINSELTOWN telephonically regarding their bankruptcy and that they were represented by an attorney and requested TINSELTOWN stop calling.

13. To the extent Plaintiffs ever offered consent to be called by TINSELTOWN on their cell phone, Plaintiffs revoked their consent in December 2015.

14. On December 30, 2015, Debtors received a discharge in the Chapter 7 case, discharging their unsecured debts including the pre-petition debt to TINSELTOWN.

15. Despite receiving actual and constructive notice of the bankruptcy filing, TINSELTOWN referred the account to a debt collector.

16. Beginning in February or March 2016, DCN began calling Plaintiffs in an attempt to collect the pre-petition, discharged debt.

17. On or about March 1, 2016, Plaintiffs answered a phone call from DCN and informed DCN that they had filed bankruptcy and to stop calling them. Nevertheless, DCN

persisted in calling Plaintiff's cell phone.

18. On March 1, 2016, DCN contacted Plaintiffs by calling Brandon Cobb's cell phone and left a voicemail stating "Hello this message is for Brandon Cobb, this is Gwendolyn Johnson calling from the offices of Accounts Receivable. It is imperative that you contact me regarding an important matter involving yourself. As soon as you receive this message, contact me at 877-832-2482. When calling in, reference your file number 18228904."

19. On March 2, 2016, DCN contacted Plaintiffs by calling Brandon Cobb's cell phone and left a voicemail stating "Hello this message is for Brandon Cobb, this is Gwendolyn Johnson calling from the offices of Accounts Receivable. It is imperative that you contact me regarding an important matter involving yourself. As soon as you receive this message, contact me at 877-832-2482. When calling in, reference your file number 18228904."

20. It appears the March 1, 2016, and March 2, 2016 voicemails are identical, which would indicate they were pre-recorded.

21. On March 15, 2016, DCN contacted Plaintiffs by calling Brandon Cobb's cell phone and left a voicemail stating "Hello this message is for Brandon Cobb, this is Rick Black calling from the offices of Accounts Receivable. It's imperative that you contact me immediately regarding a serious issue involving yourself. As soon as you receive this message, contact me at 877-832-2482 extension 107. When calling in, your reference file number is 18228904."

22. On March 16, 2016, DCN contacted Plaintiffs by calling Brandon Cobb's cell phone and left a voicemail stating "Hello this message is for Brandon Cobb, this is Rick Black calling from the offices of Accounts Receivable. It's imperative that you contact me immediately regarding a serious issue involving yourself. As soon as you receive this message, contact me at 877-832-2482 extension 107. When calling in, please reference your file number 18228904."

4

23. On March 18, 2016, DCN contacted Plaintiffs by calling Brandon Cobb's cell phone and left a voicemail.

24. Plaintiffs estimate DCN called Plaintiff's cell phone approximately eight (8) times, consisting of five (5) voicemails and three (3) calls that Plaintiffs answered. Each time Plaintiffs answered a call, Plaintiffs informed DCN they had filed bankruptcy.

## V. CLAIMS FOR RELIEF
## COUNT I – FDCPA VIOLATIONS – DCN

25. The Plaintiffs reallege paragraphs one (1) through twenty-four (24) above.

26. In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. As stated above, all four elements are met in the instant case.

27. While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

28. "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Defendant's malevolence or lack thereof, is irrelevant in establishing liability.

29. DCN violated the FDCPA. Its violations include, but are not limited to, the

following:

    a. DCN threatened to take action that could not legally be taken, thereby violating 15 U.S.C. § 1692e(5). By calling Plaintiffs in reference to a "serious matter" and attempting to collect a discharged debt, Defendants threatened collection action which could not legally be taken.

    b. DCN misrepresented the character, amount, and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) as the collection attempts by DCN implied Plaintiffs were obligated to pay the debt or were obligated to take some action to address the discharged debt. No such action was necessary as the debt was discharged in bankruptcy and TINSELTOW and DCN received actual notice of the bankruptcy case.

    c. The initial voicemail left on Plaintiffs' cell phone failed to contain a mini-Miranda warning as required by 15 U.S.C. § 1692e(11).

    d. DCN held no legal right to collect on the discharged debt. By attempting to collect the discharged debt, DCN attempted to collect an amount not permitted by applicable law in violation of 15 U.S.C. § 1692f(1).

    e. DCN failed to send a 30-day validation notice within five days of the initial communication as required by 15 U.S.C. § 1692g.

30. DCN violated multiple provisions of the FDCPA as outlined above. Accordingly, DCN is liable to Plaintiff for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing of this action.

### COUNT II – TCPA VIOLATIONS - DCN

31. The Plaintiffs reallege paragraphs one (1) through twenty-four (24) above.

32. The TCPA applies given that: (1) Defendant made calls to Plaintiff's cell phone;

6

(2) using an automated dialer and/or using prerecorded messages; (3) without Plaintiff's express consent; and (4) the collection calls were not for emergency purposes.

33. Upon information and belief, DCN telephoned Plaintiff approximately eight (8) times.

34. Plaintiffs had previously informed TINSELTOWN that they had filed for bankruptcy and to stop calling. Plaintiffs also informed DCN that they had filed for bankruptcy and to stop calling.

35. Oral revocation is sufficient to withdraw consent under the TCPA. *See Osorio v. State Farm Bank*, 746 F.3d 1242, 1255 (11th Cir. 2014).

36. DCN nevertheless continued calling.

37. DCN violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. § 227(b)(3), LTD is liable to Plaintiff for statutory damages of $500 per negligent call and $1500 for each willful call in violation of the TCPA.

## COUNT III – FCCPA VIOLATIONS - DCN

39. The Plaintiffs reallege paragraphs one (1) through twenty-four (24) above.

40. DCN has violated the FCCPA. After Plaintiffs telephonically informed DCN that Plaintiffs had filed bankruptcy, DCN continued to assert its right to collect the debt by calling Plaintiffs, thereby violating § 559.72(9) of the FCCPA.

41. Pursuant to Florida Statute § 559.77, DCN is liable to Plaintiffs for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

## COUNT IV – FCCPA VIOLATIONS - TINSELTOWN

42. The Plaintiffs reallege paragraphs one (1) through twenty-four (24) above.

7

43. TINSELTOWN has violated the FCCPA. TINSELTOWN's violations include, but are not limited to:

    a. TINSELTOWN contacted Plaintiffs directly when TINSELTOWN knew that Plaintiffs all the while were represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating § 559.72(18) of the FCCPA.

    b. After receiving actual notice of the Plaintiffs' bankruptcy, TINSELTOWN continued to assert its right to collect the debt by referring the account to a debt collector, thereby violating § 559.72(9) of the FCCPA.

44. Pursuant to Florida Statute § 559.77, TINSELTOWN is liable to Plaintiffs for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully pray for (i) declaratory judgment in favor of Plaintiffs finding DCN violated the above stated provisions of the FDCPA, TCPA, and FCCPA (ii) declaratory judgment in favor of Plaintiffs finding TINSELTOWN violated the above stated provisions of the FCCPA (ii) judgment in favor of the Cobbs awarding actual, statutory, and punitive damages; (iii) an award equal to any and all attorney fees and costs associated with bringing this action; and (iv) any and all other relief that the Court deems necessary and just.

The Plaintiff demands a jury trial on all issues so triable.

DATED this 21st day of March, 2015.

                                                                Law Offices of Mickler & Mickler

                                                                By: */s/ Taylor J. King*
                                                                    TAYLOR J. KING

Attorney for Plaintiff
5452 Arlington Expressway
Jacksonville, Florida 32211
(904) 725-0822\FAX 725-0855
Florida Bar No. 72049
tjking@planlaw.com